(318 P.3d 666)
No. 109,292

STATE OF KANSAS, *Appellee*, v. CHARLES E. SHELLY, *Appellant*.

Opinion filed February 14, 2014.

*Nancy Ogle*, of Ogle Law Office, L.L.C., of Wichita, for appellant.

*Kevin M. Hill*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BUSER, J., and HEBERT, S.J.

MALONE, C.J.: Charles E. Shelly appeals the district court's findings that none of the exceptions to the requirement of filing a timely notice of appeal set out in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), apply to his case. Specifically, Shelly argues that his sentencing judge failed to properly inform him of his right to appeal. He also argues that his retained counsel failed to file a direct appeal of the sentence even though Shelly asked him to do so. We agree with the district court's findings that none of the *Ortiz*

exceptions apply to Shelly's case, which results in the dismissal of his appeal.

On March 5, 2012, pursuant to a plea agreement, Shelly pled no contest to one count of unlawful distribution of a drug precursor, a severity level 2 drug felony, and one count of unlawful possession of a drug precursor, also a severity level 2 drug felony. The district court found Shelly guilty of both crimes and, on April 6, 2012, sentenced him to concurrent terms of 56 months' imprisonment for unlawful distribution of a drug precursor and 49 months' imprisonment for unlawful possession of a drug precursor. The district court also ordered Shelly to register as a drug offender. At the conclusion of the hearing, the judge advised Shelly that he had the right to appeal his sentence within 14 days of the hearing and that an attorney would be appointed to help with the appeal if he could not afford one. Shelly did not file a timely direct appeal.

At both his plea hearing and his sentencing hearing, Shelly had been represented by retained counsel, Robert E. Arnold, III. On July 2, 2012, Arnold filed a motion for leave to withdraw as counsel, which the district court granted. That same day, Shelly filed a pro se K.S.A. 60-1507 motion. In the motion, Shelly argued that his sentence should be modified based on the recent Kansas Supreme Court decision in *State v. Snellings*, 294 Kan. 149, 273 P.3d 739 (2012). The *Snellings* court had found that the crime of possession of ephedrine with intent to manufacture a controlled substance, a severity level 2 drug felony, has identical elements as the crime of possession of drug paraphernalia with intent to manufacture a controlled substance, a severity level 4 drug felony. 294 Kan. at 158. Shelly alleged that, under *Snellings*, he should be resentenced for a severity level 4 drug felony. He also noted that *Snellings* was issued the day he was sentenced and asserted there was no opportunity for him to present his argument earlier. Shelly's motion made no claim of ineffective assistance of counsel against Arnold.

The district court appointed counsel to represent Shelly and held a hearing on the motion on August 6, 2012. Shelly argued that the district court should resentence him on both his convictions based on *Snellings*. The State argued that the *Snellings* decision only applied to Shelly's conviction of possession of a drug precursor and

not to his conviction of distribution of a drug precursor. The State also argued that the only chance for Shelly to obtain relief under *Snellings* would be for him to proceed with a motion to file a direct appeal out of time under *Ortiz*. After hearing arguments of counsel, the district court found that *Snellings* applied to unlawful possession of a drug precursor but not to unlawful distribution of a drug precursor. Accordingly, the district court resentenced Shelly only for unlawful possession of a drug precursor, modifying his sentence on that count to 11 months' imprisonment. The district court made no findings under *Ortiz*.

On August 17, 2012, Shelly filed a notice of appeal, stating he was appealing from the district court's orders, "including but not limited to finding of guilt and the sentence entered herein." The State did not cross-appeal the district court's modification of Shelly's sentence. Shelly docketed an appeal with this court and, on April 17, 2013, filed a motion for remand to the district court. In that motion, Shelly acknowledged that he had not filed a timely notice of appeal from his sentencing in April 2012 but only from his resentencing in August 2012. Shelly asserted, however, that he had asked his attorney to appeal his original sentencing but that his attorney had failed to do so. Thus, Shelly asked this court to remand to the district court for a hearing pursuant to *Ortiz*, which sets forth exceptions to the requirement of filing a timely notice of appeal.

On May 1, 2013, this court granted Shelly's motion, stayed the appellate briefing schedule, and remanded the case to district court for a determination of whether the *Ortiz* exceptions apply to his case. The order stated that if the district court determined the *Ortiz* exceptions did not apply, Shelly could appeal that determination to this court.

The district court held the remand hearing on May 17, 2013. At the hearing, Shelly testified that after his sentencing in April 2012, he asked his retained attorney, Arnold, "What are our appeal options?" and Arnold replied that there was nothing to appeal. Shelly also testified that his mother e-mailed Arnold after learning about *Snellings*, but that Arnold told his mother to tell Shelly to "stop being a jailhouse lawyer." On cross-examination, Shelly acknowl-

edged that the sentencing judge specifically informed him of his right to appeal. Shelly also acknowledged that he had filed an appeal in a separate criminal case in the past, so he was aware of how to instruct his lawyer to file an appeal. Shelly conceded that, after Arnold told him there was nothing to appeal, he did not further direct Arnold to file an appeal.

Arnold testified at the hearing and stated that both before and after sentencing, he discussed with Shelly his right to appeal and he recalled "there being a decision not to proceed with any appeal." Although Arnold admitted that Shelly later sent him communications about other cases that might impact his sentence, Arnold testified "there was never an agreement reached to file any type of additional request for relief from that sentence." Arnold unequivocally stated that Shelly did not direct him to file an appeal within 14 days of sentencing.

After reviewing the transcript of Shelly's sentencing hearing on April 6, 2012, the district court found that the sentencing court had advised Shelly of his right to appeal within 14 days of the hearing, that Shelly had counsel for the purpose of affecting the appeal, and that the sentencing court had told Shelly that if he could not afford counsel, one would be appointed for him. Based on the testimony at the hearing, the district court found that Shelly did not direct Arnold to perfect an appeal of the initial sentence. Thus, the district court found that none of the *Ortiz* exceptions applied to the circumstances of Shelly's case. Shelly timely appealed from this determination.

In the sole issue on appeal, Shelly claims the district court erred in finding that none of the *Ortiz* exceptions applied to the circumstances of his case to permit an untimely appeal from the district court's sentencing order on April 6, 2012. "[W]e review the factual findings underlying a trial court's *Ortiz* ruling for substantial competent evidence, but . . . we apply a de novo standard of review when reviewing the ultimate legal determination of whether those facts fit within an *Ortiz* exception. [Citation omitted.]" *State v. Gill*, 287 Kan. 289, 293, 196 P.3d 369 (2008). Substantial evidence is legal and relevant evidence that a reasonable person could accept

as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012).

"The filing of a timely notice of appeal is jurisdictional. Generally, the failure to file a timely notice of appeal requires dismissal of the appeal. [Citations omitted.]" *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011). In *Ortiz*, the Kansas Supreme Court recognized three exceptions to this general rule that allow an untimely direct appeal from a conviction and sentence if the "defendant either (1) was not informed of the right to appeal at sentencing or by counsel, (2) was indigent and not furnished counsel to perfect an appeal, or (3) was furnished counsel for that purpose who failed to perfect and complete an appeal." *Albright*, 292 Kan. at 198. Shelly argues that the first and third exceptions apply to his case.

*The First* Ortiz *Exception*

Shelly claims the district court erred in finding that the first *Ortiz* exception did not apply to the circumstances of his case. The first *Ortiz* exception allows an untimely direct appeal from a conviction and sentence if the defendant was not informed of the right to appeal at sentencing or by counsel. *Albright*, 292 Kan. at 198. Shelly acknowledges that the sentencing judge advised him that he had a right to appeal within 14 days of the hearing and that an attorney would be appointed for the appeal if he could not afford one. But Shelly points out that neither his attorney nor the sentencing judge specifically advised him that he had a right to appeal *the severity level of the sentence.* Shelly contends this omission means that he was not properly informed about his right to appeal, citing *State v. Patton*, 287 Kan. 200, 195 P.3d 753 (2008).

In *Patton*, the defendant sought leave to file an untimely appeal in order to take advantage of the Kansas Supreme Court's ruling in *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004). The *McAdam* court had held that unlawful manufacturing of a controlled substance in violation of K.S.A. 65-4159(a), a drug severity level 1 felony, was identical to unlawful compounding of a stimulant in violation of K.S.A. 65-4161(a), a drug severity level 3 felony; thus, a defendant convicted of the greater offense can be sentenced only under the lesser penalty provision. 277 Kan. at 146. Based on

the *McAdam* ruling, the defendant in *Patton* was attempting to challenge the severity level of his conviction of attempted manufacture of methamphetamine. 287 Kan. at 204-05. In discussing the application of the first *Ortiz* exception, the *Patton* court stated:

"[A] district judge must inform a criminal defendant at sentencing, regardless of whether the defendant has entered a plea or gone to trial, that: (1) a right to appeal *the severity level of the sentence* exists; (2) any such appeal must be taken within [14] days [citations omitted]; and (3) if the defendant is indigent, an attorney will be appointed for the purpose of taking any desired appeal. [Citation omitted.]

"The evidentiary burden of showing that the district judge failed to communicate one or more of these three pieces of information at sentencing is on the defendant, who must demonstrate deficiency from the transcript of the sentencing hearing." (Emphasis added.) 287 Kan. at 220.

As Shelly contended at the *Ortiz* hearing and now contends on appeal, there is no evidence that the sentencing judge specifically advised him that he had a right to appeal *the severity level of the sentence*. Nor was there any evidence at the *Ortiz* hearing that Shelly's lawyer so advised him. Based on the court's language in *Patton*, Shelly claims that he was not properly informed of the right to appeal at sentencing or by counsel; thus, he is entitled to file an untimely appeal under the first *Ortiz* exception.

At first blush, Shelly's argument appears to have merit. The transcript of the sentencing hearing on April 6, 2012, reflects that the sentencing judge advised Shelly of his right to appeal as follows:

"Mr. Shelly, you have a right to appeal the sentence I've handed down, but you must file a written notice of appeal within 14 days from today with the clerk of the district court. If you cannot afford to hire an attorney to help you with the appeal, one will be appointed for you."

But as Shelly points out, the sentencing judge did not expressly advise him of his right to appeal *the severity level of the sentence*. The language used by the court in *Patton* would seem to make this a requirement at sentencing. 287 Kan. at 220.

In reaching its decision in *Patton*, the Kansas Supreme Court cited three Kansas statutes that provide specific procedural safeguards of the right to appeal by criminal defendants, including K.S.A. 22-3424(f), which states:

"After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal and of the right of a person who is unable to pay the costs of an appeal to appeal in *forma pauperis.*"

K.S.A. 22-3424(f) requires a sentencing court to advise the defendant of his or her "right to appeal" at sentencing even if the defendant is unable to pay the costs. Similarly, K.S.A. 22-4505 requires the district judge to inform an indigent felony defendant of the "right to appeal the conviction" and the right to have an attorney appointed to prosecute the appeal. Here, the transcript of Shelly's sentencing hearing on April 6, 2012, shows that the sentencing judge satisfied these statutory requirements.

Despite the language used by the Supreme Court in *Patton*, we do not interpret the court's decision in that case as requiring a sentencing judge to specifically advise the defendant of his or her right to appeal *the severity level of the sentence*. The defendant in *Patton* happened to be challenging the severity level of his conviction and sentence. Thus, in ruling that a sentencing judge must advise the defendant of the right to appeal the severity level of the sentence, the Supreme Court was only using language applicable to the facts of that particular case.

We do not believe that the court's holding in *Patton* intended to broaden the language of K.S.A. 22-3424(f) or the language of K.S.A. 22-4505 by imposing a duty on a sentencing judge that is not expressly contained within the statutory language. These statutes only require a sentencing judge to advise the defendant of his or her "right to appeal" the district court's judgment and the right to have appointed counsel if the defendant cannot afford to hire an attorney. There is no statutory requirement for a sentencing judge to specifically advise the defendant of his or her right to appeal the severity level of the sentence. The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010).

To further illustrate this point, we note that a defendant who has been sentenced under the Kansas Sentencing Guidelines has an express statutory right to appeal his or her criminal history classification as well as the severity level of the crime of conviction. See K.S.A. 21-4721(e)(3). It would make no sense to require a sentencing judge to advise the defendant of his or her right to appeal the severity level of the sentence without also requiring the sentencing judge to advise the defendant of his or her right to appeal the criminal history classification. In fact, requiring a sentencing judge to advise the defendant of his or her right to appeal the severity level of the sentence could mislead the defendant into believing that a challenge to the severity level is the only issue that can be raised on appeal.

We conclude that the Supreme Court in *Patton* never intended to broaden the plain language of the controlling statutes by requiring a sentencing judge to specifically advise the defendant of his or her right to appeal the severity level of the sentence. This is in keeping with other Supreme Court decisions addressing the sentencing court's obligation to inform the defendant of his or her right to appeal. See *State v. Phinney*, 280 Kan. 394, 402, 122 P.3d 356 (2005) (trial court is required to advise the defendant of his or her right to appeal and of the right of an indigent to appeal in forma pauperis); *State v. Willingham*, 266 Kan. 98, 100, 967 P.2d 1079 (1998) (defendant must be advised either by the court or by defense counsel of his or her right to appeal).

In summary, the transcript of Shelly's sentencing hearing on April 6, 2012, shows that the judge advised Shelly of his right to appeal his sentence within 14 days and that an attorney would be appointed for the appeal if he could not afford one. The sentencing judge satisfied the statutory requirements in terms of informing Shelly of his right to appeal. Thus, the district court did not err in finding that the first *Ortiz* exception did not apply to the circumstances of Shelly's case.

## *The Third* Ortiz *Exception*

The third exception to the general rule requiring a timely direct appeal from a conviction and sentence exists if the defendant "was

furnished counsel for that purpose who failed to perfect and complete an appeal." *Albright*, 292 Kan. at 198. The *Patton* court clarified that this exception exists whether counsel is retained or appointed. See 287 Kan. at 224. Shelly now argues that the district court erred in finding that this exception did not apply to the circumstances of his case.

Shelly testified as follows regarding his conversations with his retained attorney, Arnold, about filing an appeal:

"Q. Did you ask Mr. Arnold to file an appeal?

"A. Yes. I asked him after our sentencing. We were in the small courtroom, and I asked him, What are our appeal options? He told me, We took a plea bargain. We were sentenced in the grid box. You know, we didn't—There was nothing to appeal.

. . . .

"Q. Okay. Did Mr. Arnold file a notice of appeal?

"A. No.

"Q. Did you exchange any communication letters or anything as—other than your meeting immediately after sentencing regarding taking an appeal?

"A. Um, no, not directly. I mean, not, you know, right then. I—We did contact him after I got to prison and found out about the *Snellings* ruling. And he—He e-mailed my mom back, told her to tell me to stop being a jailhouse lawyer, that he would see me in 18 months."

On cross-examination, Shelly admitted that after Arnold told him there was nothing to appeal, he did not further direct Arnold to file an appeal. Also, Arnold testified that he spoke with Shelly about his appeal rights both before and after sentencing. Arnold stated they talked about "if we were going to appeal, how much would it cost, and I recall there being a decision not to proceed with any appeal." Later, Arnold testified:

"At different points, I would receive communications for, you know, months and months later, and he had quoted some other cases that he wanted to change his appeal, because there was a change in the law in terms of what the sentencing recommendations would be for precursors. And there was never an agreement reached to file any type of additional request for relief from that sentence, one, because they didn't pay any additional funds for a private attorney to do that, and that's my recollection."

The testimony at the remand hearing provides substantial competent evidence to support the district court's finding that Shelly

did not direct Arnold to perfect an appeal of the sentencing order on April 6, 2012. Thus, it cannot be said that Shelly was furnished counsel for the purpose of an appeal who failed to perfect and complete the appeal. Rather, the evidence supports the district court's finding that Shelly simply decided not to pursue a timely appeal. Accordingly, the district court did not err in finding that the third *Ortiz* exception did not apply to the circumstances of Shelly's case.

Shelly acknowledges he is entitled to relief under *Snellings* only if he is allowed to pursue an untimely direct appeal of the district court's sentencing order on April 6, 2012. See *State v. Barnes*, 278 Kan. 121, 127, 92 P.3d 578 (2004) (appellate decision applying longstanding principle of law to circumstances not previously addressed applies to cases pending on direct appeal as of date of the decision). We express no opinion on whether the holding in *Snellings* would apply to Shelly's conviction of unlawful distribution of a drug precursor. Because none of the *Ortiz* exceptions allow Shelly to pursue an untimely direct appeal of his original sentence, this court is without jurisdiction to consider the merits of Shelly's appeal. *Albright*, 292 Kan. at 197.

Appeal dismissed.