IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,506

STATE OF KANSAS,
*Appellee*,

v.

CARA N. PERRY,
*Appellant*.

SYLLABUS BY THE COURT

1.

Evaluation of the third exception allowing a late direct appeal under *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982), requires consideration of whether the criminal defendant received effective assistance of counsel under *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

2.

A criminal defendant whose counsel erroneously advises that there is no issue worthy of direct appeal is eligible for application of the third exception under *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982), if the defendant demonstrates that he or she would have taken a timely appeal but for the erroneous advice.

Review of the judgment of the Court of Appeals in an unpublished opinion filed November 21, 2014. Appeal from Brown District Court; JOHN L. WEINGART, judge. Opinion filed March 25, 2016. Judgment of the Court of Appeals reversing and remanding with directions to the district court is affirmed. Judgment of the district court is reversed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, argued the cause, and *Joanna Labastida*, of the same office, was with her on the briefs for appellant.

*Kevin M. Hill*, county attorney, argued the cause, and *Derek Schmidt*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This is a companion case to *State v. Shelly*, 303 Kan. ___, ___ P.3d ___ (No. 109,292, this day decided).

Defendant Cara N. Perry, along with her codefendant husband, Charles E. Shelly, entered a no contest plea to one count of unlawful distribution of a drug precursor and one count of unlawful possession of a drug precursor. Defense counsel did not file a timely direct appeal. Perry filed a pro se K.S.A. 60-1507 motion, arguing that she should have been sentenced under the identical offense doctrine discussed in *State v. Snellings*, 294 Kan. 149, 273 P.3d 739 (2012), a case handed down on the date of Perry's sentencing. The district court judge held the *Snellings* decision applied only to Perry's possession of a drug precursor conviction and reduced her sentence accordingly.

Perry appealed, and the Court of Appeals remanded to the district court for a hearing under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). *Ortiz* permits untimely appeals when one of three exceptions applies. 230 Kan. 733, Syl. ¶ 3 (late appeal permitted if defendant not informed of right to appeal; was not furnished attorney to perfect appeal; or was furnished attorney for appeal who failed to perfect, complete appeal). The district judge held that none of the *Ortiz* exceptions applied in Perry's case.

On appeal, a panel of the Court of Appeals reversed, holding that the third *Ortiz* exception applied. The panel also ruled in Perry's favor on the merits of her challenge to

2

her sentence for unlawful distribution of a drug precursor. *State v. Perry*, No. 109,506, 2014 WL 6676044, at \*4-5 (Kan. App. 2014) (unpublished opinion).

We granted the State's petition for review on the *Ortiz* issue, and we now affirm the panel's decision on that point. Because the State did not contest the panel's ruling on the merits of the identical offense doctrine, we do not reach the issue of whether the doctrine should be applied to reduce Perry's sentence for unlawful distribution of a drug precursor. See Supreme Court Rule 8.03(a)(4)(c) (2015 Kan. Ct. R. Annot. 79) ("The court will not consider issues not presented or fairly included in the petition."); *State v. Tims*, 302 Kan. 536, 539, 355 P.3d 660 (2015) (Court of Appeals conclusion unchallenged in petition for review deemed waived).

DETAILED FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2012, Perry pleaded no contest to one count of unlawful distribution of a drug precursor and one count of unlawful possession of a drug precursor, both in violation of K.S.A. 2011 Supp. 21-5710 and both severity level 2 drug felonies. On April 6, 2012, she was sentenced to 54 months' imprisonment for unlawful distribution of a drug precursor concurrent to 49 months' imprisonment for the unlawful possession of a drug precursor conviction.

Perry's sentencing hearing included the following exchange:

> JUDGE: "Ms. Perry, you have a right to appeal this sentence, but you must file a written notice of appeal within 14 days with the clerk of the court, whose office is across the hallway from this office—this courtroom. The appeal must be in writing, and it must be within 14 days. If you can not afford an attorney and need one for purposes of the appeal, we will appoint one for you.

3

"Ms. Perry, do you understand how to appeal your case?

"THE DEFENDANT:  Yes, sir."

Perry would later testify that she and her husband spoke to their counsel, Robert Arnold III, immediately after sentencing and asked if they could appeal; Arnold responded that they "had nothing to appeal." Arnold also said, according to Perry, that Perry and Shelly could file a motion in 18 months to get their time reduced and that such a motion probably would be disposed of "before an appeal could be done." Based on Arnold's advice, Perry did not instruct him to file an appeal. She would later testify that, had she known about the *Snellings* decision, she would have asked Arnold to pursue an appeal.

Arnold would later testify that he told Perry and Shelly after sentencing that they did not have a great chance on appeal because they had received the benefit of a reduced sentence and reduced charges through their plea agreements. He said that he explained the appeal process, informed them that he would not file an appeal without being paid, and said that they had a right to have counsel appointed. They did not instruct him to file an appeal.

A timely notice of appeal was never filed.

On the day of Perry's sentencing, this court issued its decision in *Snellings*, holding that possession of ephedrine or pseudoephedrine with intent to manufacture a controlled substance, a severity level 2 drug felony, has elements identical to those of possession of drug paraphernalia with intent to manufacture a controlled substance, a severity level 4 drug felony, which meant that Perry's crimes of conviction could be subject to reclassification that would reduce her sentence. *Snellings*, 294 Kan. at 158.

4

Perry learned of the *Snellings* decision when she received a letter written to her in prison by Shelly during June or July 2012. Arnold would eventually testify that he became aware of the *Snellings* decision when he received correspondence from Shelly or during a conversation with his law partner.

On July 2, 2012, Arnold filed a motion to withdraw as Perry's counsel, which was granted by the district judge. On the same day, Perry filed her pro se K.S.A. 60-1507 motion arguing her sentence for unlawful distribution of a drug precursor should be modified to that for a severity level 4 felony based on *Snellings*. On July 11, 2012, the district judge issued an order consolidating Perry's pro se K.S.A. 60-1507 motion in 2012 CV 22 with the criminal case in 2011 CR 166.

Like Shelly, Perry was represented by court-appointed counsel Andrew Delaney at the district court hearing on August 6, 2012. When asked if the State would concede that *Snellings* applied to reduce Perry's sentence for unlawful possession of a drug precursor, the prosecutor said he would like to preserve the issue of Perry's failure to file a timely direct appeal.

The district judge concluded that *Snellings* applied to Perry's unlawful possession of a drug precursor conviction but not to her unlawful distribution of a drug precursor conviction. Perry was resentenced to 11 months' imprisonment on her conviction for unlawful possession of a drug precursor, but the controlling sentence for unlawful distribution of a drug precursor was left as is. The district judge encouraged Perry to appeal because clarification was needed on whether the unlawful distribution sentence needed to be corrected as well.

On August 17, 2012, Perry filed a notice of appeal from the finding of her guilt, her sentence, and the order entered on August 6, 2012. The district judge appointed the appellate public defender to represent her on appeal.

On July 17, 2013, Perry filed a motion for remand to the district court for a hearing on whether any of the *Ortiz* exceptions applied. The motion stated in part: "If Ms. Perry asked her trial attorney to file a notice of appeal, but her trial attorney dissuaded her from doing [so] because of his lack of awareness of the *Snellings* decision, Ms. Perry meets the third *Ortiz* exception."

The Court of Appeals remanded for the sole purpose of allowing the district court to conduct an *Ortiz* hearing, which would determine whether it treated the appeal of the district court decision on Perry's K.S.A. 60-1507 motion as a late direct appeal of her sentence. *Perry*, 2014 WL 6676044, at *2.

The *Ortiz* hearing was held on August 22, 2013, in the district court. Perry testified that she had spoken to Arnold twice about the possibility of an appeal—once before and once after sentencing. Before sentencing, Perry said, Arnold "just kind of dismissed" the idea of an appeal because Perry and Shelly had previously paid for his representation by signing over their car to him and probably could not afford an appeal. After sentencing, as noted above, Arnold advised Perry that she and her husband had nothing to appeal, and Perry testified that she relied on Arnold's advice.

On cross-examination, Perry did not dispute that the sentencing judge had advised her that she had 14 days to file an appeal. She also acknowledged that she was aware the court could appoint an attorney to represent her on appeal if she could not afford to pay one to do so and that she had been involved in a previous appeal. When it was pointed out that she had been the beneficiary of a favorable plea agreement and had received "the

6

lowest sentence possible," Perry testified that, until she and Shelly were sentenced, Arnold had "had us believing that we were going to get probation."

Arnold testified at the *Ortiz* hearing that he had never told Perry and Shelly that they would get probation. As noted above, he also testified that he told them they had limited appeal options in light of their plea agreement, that he would not file an appeal without being paid, and that they could have counsel appointed for an appeal. Defense counsel attempted to ask Arnold if he made a practice of reading appellate advance sheets on a regular basis, but the State objected to the line of questioning. The district judge ruled that the question was beyond the scope of the remand from the Court of Appeals. The district judge did permit defense counsel to ask Arnold when he became aware of the *Snellings* decision, but the judge cut defense counsel off on a follow-up question. Defense counsel then asked if Arnold was familiar with *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), and the court again sustained the State's objection to the question as outside the parameters of the *Ortiz* hearing.

During argument at the close of the *Ortiz* hearing, defense counsel argued that the third *Ortiz* exception involved an attorney's duty to be "effective in perfecting appeal for his client," relying on our discussion of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), in *State v. Patton,* 287 Kan. 200, 223-25, 195 P.3d 753 (2008). The State objected to any argument based on *Strickland* or an ineffective assistance of counsel theory. The district judge acknowledged the objection but permitted defense counsel to argue that Arnold should have been aware of Kansas Supreme Court precedent on drug crimes involving ephedrine and that he had some "minimal duty to perfect an appeal" if his clients wanted him to do so. Defense counsel argued that Perry relied heavily on Arnold to make the decision about whether to appeal and insisted that Arnold did not live up to a minimum standard of constitutionally effective assistance of counsel.

Ultimately, however, the district judge ruled that none of the *Ortiz* exceptions applied because Perry was informed of her right to appeal at sentencing and by counsel and because she had counsel available to her for an appeal; yet she did not direct Arnold to appeal. The district judge refused to consider whether Arnold's actions in not filing an appeal based on the *Snellings* case constituted ineffective assistance of counsel, reasoning that the issue was not properly before the district court under the Court of Appeals' specific remand order. Likewise, the district judge refused to consider any argument on the merits of the identical offense sentencing doctrine issue.

On August 23, 2013, Perry appealed. While Perry's case was pending, another Court of Appeals panel dismissed Shelly's appeal of the district court's refusal to apply an *Ortiz* exception. See *State v. Shelly*, 49 Kan. App. 2d 942, 951, 318 P.3d 666 (2014).

Perry had more success before her Court of Appeals panel. Although its members rejected application of the first *Ortiz* exception to allow her to take a late appeal of her sentence for unlawful distribution of a drug precursor, see *Shelly*, slip op. at 17-19 (clarifying *Patton* holding on necessary specificity of court recitation to defendant at sentencing), the panel held that the third *Ortiz* exception applied. The panel relied on *Patton*'s holding that "[w]hether or not a defendant meets the third *Ortiz* exception depends first on whether the defendant's attorney has met the minimum performance standards that are constitutionally required as set forth in *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). *Patton*, 287 Kan. at 223-24." In this case, the panel decided, Arnold's failure to learn of the *Snellings* opinion and advise Perry accordingly was objectively unreasonable and deprived her of her right to file a direct appeal. 2014 WL 6676044, at *3-4.

8

As mentioned above, the panel went on to address the merits of Perry's sentencing challenge and concluded that "distribution of precursors is an identical offense to distribution of paraphernalia, just as possession of precursors is an identical offense to possession of paraphernalia." 2014 WL 6676044, at *5. Accordingly, the panel ordered that Perry's unlawful distribution of a drug precursor conviction be resentenced as a severity level 4 felony. 2014 WL 6676044, at *5.

On petition for review, the State asks this court to reverse the Court of Appeals decision that Perry was entitled to a belated appeal under the third *Ortiz* exception.

## THIRD *ORTIZ* EXCEPTION

This court reviews "the factual findings underlying a trial court's *Ortiz* ruling for substantial competent evidence," but it applies "a de novo standard when reviewing the ultimate legal determination of whether those facts fit within an *Ortiz* exception." *State v. Gill*, 287 Kan. 289, 293, 196 P.3d 369 (2008).

In *Patton*, this court discussed the pattern of analysis under the third *Ortiz* exception:

> "[W]e hold that the standard of performance to be applied to measure the adequacy of appellate counsel under the third *Ortiz* exception is that found in *Roe v. Flores-Ortega*, 528 U.S. 470, [476-78], 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). That case distinguishes between situations in which counsel's performance in the course of a proceeding is alleged to be deficient and those cases in which counsel's performance or failure to perform leads to forfeiture of a proceeding. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), governs the former and *Flores-Ortega* the latter. See *Flores-Ortega*, 528 U.S. at 476-86.

9

"We have long employed *Strickland* to judge whether a criminal defendant received ineffective assistance of counsel under the Sixth Amendment in the course of a criminal proceeding in the district court. See *Chamberlain v. State*, 236 Kan. 650, 656, 694 P.2d 468 (1985) (adopting and applying *Strickland* two-part standard). Under that standard, before counsel's assistance is determined to be so defective as to require reversal of a conviction, the defendant must establish two things: first, that counsel's performance was deficient, and second, that counsel's deficient performance prejudiced the defense. See *Bledsoe v. State*, 283 Kan. 81, 90, 150 P.3d 868 (2007). Likewise, we use an adapted version of the *Strickland* standard to judge whether a criminal defendant received ineffective assistance of counsel during the course of a direct appeal. See *Kargus v. State*, 284 Kan. 908, 919, 169 P.3d 307 (2007).

"The situation contemplated by the third *Ortiz* exception is different, involving as it does the complete destruction of the right to pursue a direct appeal through counsel's failure to file a timely notice or otherwise protect his or her client's right. As recognized in *Flores-Ortega*, where appointed counsel said he or she would file a notice of appeal on behalf of the defendant but failed to do so, no 'presumption of reliability' can be afforded a 'proceeding . . . that never took place.' Thus, the two-part *Strickland* deficiency-plus-prejudice analysis must bend.

"Under *Flores-Ortega*, if appointed or retained counsel has failed to file or perfect a direct appeal by a criminal defendant, we will presume the existence of prejudice. This is not, however, the same as a finding of prejudice per se, requiring application of the third *Ortiz* exception. The defendant must still demonstrate that, but for counsel's failure, he or she would have taken a timely direct appeal. The defendant need not show, as he or she would have had to show if we were using the *Strickland* standard as our benchmark, that such a timely direct appeal would have been successful. Compare *Peguero*, 526 U.S. at 30-31 (O'Connor, J., concurring)." *Patton*, 287 Kan. at 224-25.

The Court of Appeals panel in this case was faithful to the *Patton* analysis. It concluded:

"It is undisputed that Arnold and Perry discussed appellate options both before and after sentencing and that Perry did not request or direct Arnold to file an appeal. However, it is likewise undisputed that Arnold was unaware of our Supreme Court's decision in *Snellings* during the time period when Perry could have timely filed her appeal and, further, that had Perry been made aware of *Snellings*, she would have appealed.

"Arnold incorrectly told Perry that there existed no legal grounds for an appeal. Had she been properly advised, Perry would have pursued the issue on direct appeal. Counsel's failure to learn of *Snellings* and advise his client accordingly was objectively unreasonable and deprived Perry of her right to file a direct appeal. Accordingly, there is substantial evidence to support Perry's claim under the third *Ortiz* exception that the failure of her counsel to correctly inform her of the state of the law amounts to a failure of counsel to file or perfect an appeal.

"Because Perry has met the narrow and exceptional circumstances required to claim an *Ortiz* exception, we treat Perry's filing as a timely direct appeal of her sentence, permitting us to reach the merits of her claim. See *State v. Phinney*, 280 Kan. 394, 406, 122 P.3d 356 (2005)." 2014 WL 6676044, at *4.

In Perry's husband's case, *Shelly*, slip op. at 27, we hold that *Patton*'s adoption of the *Flores-Ortega* analysis necessarily incorporates an examination of whether counsel was ineffective into the third *Ortiz* exception. See *Patton*, 287 Kan. at 218-19 ("The second and third [*Ortiz*] exceptions—applicable when a defendant was not furnished an attorney to perfect an appeal or was furnished an attorney for that purpose who failed to perfect and complete an appeal—*go to the right of counsel and effectiveness of counsel.*"). (Emphasis added.) We fully discuss *Flores-Ortega* in our *Shelly* opinion and incorporate that discussion here. See slip op. at 19-21.

Applying *Flores-Ortega* to Perry's case, we observe that Arnold represented both Perry and Shelly until he withdrew from their cases a few months after sentencing. Perry

11

testified that she expressed an interest in appealing, that Arnold told her there was nothing to appeal or that the couple's options were limited, and that she would have appealed if she had known about her potentially meritorious claim under *Snellings*. Arnold was unaware of the *Snellings* decision until after the time to file Perry's direct appeal had expired. His failure to advise Perry of the current state of the law so that she could make an informed decision about whether to take an appeal is sufficiently equivalent to a failure to file a direct appeal that Perry, like Shelly, qualifies for application of the third *Ortiz* exception. See *Shelly*, slip op. at 32.

CONCLUSION

The third *Ortiz* exception allowing a late appeal applies to defendant Cara N. Perry's challenge to her sentence for unlawful distribution of a drug precursor. The Court of Appeals' decision on that point of law is affirmed.

STEGALL, J., not participating.
W. LEE FOWLER, District Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** District Judge Fowler was appointed to hear case No. 109,506 vice Justice Stegall under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution.